UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JASON GAINEY                              CIVIL ACTION

VERSUS                                    NUMBER: 13-0278

N. BURL CAIN, WARDEN                      SECTION: "I"(5)


### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Jason Gainey, the State's response thereto, and petitioner's traverse to the State's response. (Rec. docs. 1, 12, 13). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Gainey's petition be dismissed with prejudice.

Petitioner Gainey is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana. On July 22, 2008, Gainey pled guilty to the crime of armed robbery, a violation of LSA-R.S. 14:64, in the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of

Louisiana. (St. ct. rec., vol. 1 of 3, pp. 1-2, 66-75, 83-87). On May 10, 2010, Gainey was sentenced to ninety-years without benefit of parole, probation, or suspension of sentence.[1] (St. ct. rec., vol. 1 of 3, pp. 17-18, 202-229). Gainey directly appealed his conviction, arguing that the trial court erred in denying his motion to reconsider sentence and that the sentence itself was unconstitutionally excessive. On March 25, 2011, the Louisiana First Circuit Court of Appeal affirmed Gainey's conviction and amended his sentence to provide that it be served at hard labor. State v. Gainey, 58 So.3d 1156, 2011 WL 1103585 (La. App. 1st Cir. March 25, 2011)(table). Gainey did not seek writs from the Louisiana Supreme Court following the Louisiana First Circuit's decision. As a consequence, Gainey's conviction became final on April 25, 2011 when the thirty-day period prescribed by Louisiana Supreme Court Rule X, §5(a) expired. Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003)(conviction becomes final when the time for seeking further direct review expires); Williams v. Cain, 217 F.3d 303, 308 (5th Cir. 2000).

On January 10, 2012, Gainey executed a post-conviction relief application ("PCRA") that was subsequently filed in the trial court

---

[1]//There appears to be a discrepancy between the sentencing transcript and the Court's minute entry of sentencing as to whether Gainey's sentence was to be served "at hard labor". This resulted in the amendment of his sentence on appeal as noted hereinafter.

on January 17, 2012. (St. ct. rec., vol. 2 of 3). In that PCRA, Gainey alleged that his guilty plea was unknowingly and unintelligently entered due to the State's breach of a plea agreement and an inducement from counsel who led him to believe that he would receive a sentence of no more than thirty years. That matter and the appeals from it remained pending before the state courts until November 21, 2012. State ex rel. Gainey v. State, 102 So.3d 55 (La. 2012). Gainey signed his federal habeas petition on February 8, 2013. (Rec. doc. 1, p. 5). As noted by the State, it thus appears that Gainey's petition was timely-filed under 28 U.S.C. §2244(d). In his petition, Gainey presents the same two claims that he urged in his direct criminal appeal as well as the two claims that he litigated throughout the state court system in his PCRA. (Rec. doc. 1-1, pp. 1-2).

Exhaustion of state court remedies is typically a condition precedent to a federal habeas court's review of the merits of a petitioner's claims for relief. 28 U.S.C. §2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982). The exhaustion requirement is satisfied only where the grounds urged in a federal habeas petition were previously presented to the state's highest court in a procedurally proper fashion. Knox v. Butler, 884 F.2d 849, 852 n.7 (5th Cir. 1989), cert. denied, 494 U.S. 1088, 110 S.Ct. 1828 (1990); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

Related to the exhaustion requirement is the doctrine of procedural default, another separate but distinct limit on the availability and scope of federal habeas review.  See Nobles v. Johnson, 127 F.3d 409, 420-23 (5th Cir. 1997), cert. denied, 523 U.S. 1139, 118 S.Ct. 1845 (1998). "A procedural default ... occurs when a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims would now find the claims procedurally barred.'"  Id. at 420 (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1 (1991)); Sones v. Hargett, 61 F.3d 410, 416 (5th Cir. 1995).

With limited exceptions not relevant here, Article 930.8 of the Louisiana Code of Criminal Procedure provides that no application for post-conviction shall be considered by the state courts if it is filed more than two years after the judgment of conviction and sentence of a defendant have become final.  The Fifth Circuit has determined that Article 930.8 constitutes an independent and adequate state rule that is regularly applied by the state courts.  Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997), cert. denied, 523 U.S. 1125, 118 S.Ct. 1811 (1998).

As is apparent from the procedural history set forth above, Gainey has been before the Louisiana Supreme Court on only one occasion since pleading guilty to armed robbery, that being the writ application that he filed following the denial of his PCRA by

4

the state trial court, a ruling that was subsequently left undisturbed by the Louisiana First Circuit. State v. Gainey, No. 2012-KW-0600 (La. App. 1st Cir. June 18, 2012)(unpublished order). (St. ct. rec., vol. 3 of 3). In that sole writ application to the Louisiana Supreme Court, Gainey presented the same two claims that he had litigated in his PCRA regarding the voluntariness of his guilty plea. (St. ct. rec., vol. 3 of 3). However, nowhere in that writ application did Gainey present the two claims that he had urged in his direct criminal appeal regarding the excessiveness of his sentence, the first two claims in his habeas petition. Given the vintage of Gainey's conviction, it would now be too late for him to do so under Article 930.8. Accordingly, habeas review of Gainey's first two claims is barred unless he can establish cause for his procedural default and actual prejudice as a result of the alleged constitutional violation, or if he can demonstrate that the failure to entertain the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991).

Gainey cannot establish cause for failing to bring his sentence-related claims to the attention of the Louisiana Supreme Court prior to the expiration of the time period set forth in Article 930.8. The claims were duly presented as separate assignments of error in Gainey's direct criminal appeal to the

5

Louisiana First Circuit but he thereafter failed to seek writs from the Louisiana Supreme Court after his conviction and sentence were affirmed.[2]/  No external impediment prevented him from doing so. See Moore v. Roberts, 83 F.3d 699, 704 (5th Cir. 1996), cert. denied, 519 U.S. 1093, 117 S.Ct. 772 (1997).  Without a showing of cause, the Court need not consider the element of prejudice.  See Murray v. Carrier, 477 U.S. 478, 494-95, 106 S.Ct. 2639, 2649 (1986).  Likewise, because Gainey makes no showing of actual innocence, he has not demonstrated that a fundamental miscarriage of justice will occur if his sentence-related claims are not considered.  Glover, 128 F.3d at 904.

Having disposed of Gainey's two unexhausted and procedurally-barred claims, the Court now turns to the merits of the other two claims that he properly exhausted in the state court system through the PCRA process.  In the first of those, Gainey alleges that his guilty plea was not freely and voluntarily entered because the State breached a "memorandum of understanding" by subsequently charging him with second degree murder.  In the second of Gainey's exhausted claims, he alleges that his guilty plea was not freely

_____

[2]/ In any event, petitioner's first claim herein, that the trial court erred in denying his motion to reconsider sentence, presents no claim that is properly cognizable on federal habeas review.  28 U.S.C. §2254(a); Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558 (1983); Bailey v. Procunier, 744 F.2d 1166, 1168 (5th Cir. 1984).

and voluntarily entered because it was reportedly induced by counsel's promise that he would receive a sentence of thirty years. Related as these two claims are, they will be addressed in tandem.

As was noted by the Louisiana First Circuit in its opinion affirming Gainey's conviction and sentence, petitioner "... pled guilty pursuant to an agreement with the State to cooperate in the prosecution of his co-defendant (Dominic Robinson, who was being tried for first degree murder) for the murder of Samantha Jaume, which occurred during the instant armed robbery." Gainey, 58 So.3d 1156, 2011 WL 1103585 at *1 n.1. Gainey's plea was taken in open court on July 22, 2008, along with the pleas of several other defendants in some unrelated cases, during which the following pertinent exchanges occurred:

BY THE COURT:

> And next we have Mr. Gainey.  How old are you, sir?

BY MR. GAINEY:

> Twenty-six.

BY THE COURT:

> How far in school did you go?

BY MR. GAINEY:

> Eleventh grade.

BY THE COURT:

Can you read, write, speak and understand the English language?

BY MR. GAINEY:

Yes, ma'am.

BY THE COURT:

Are you presently under the influence of alcohol, drugs or any medicine that would affect your thinking?

BY MR. GAINEY:

No, ma'am.

BY THE COURT:

Do you understand what is going on right now?

BY MR. GAINEY:

Yes, ma'am.

BY THE COURT:

Have you discussed the charge against you and the consequences of that charge with your lawyer?

BY MR. GAINEY:

Yes, ma'am.

BY THE COURT:

Has he explained to you your Constitutional right to a trial and other associated Constitutional rights which you have?

BY MR. GAINEY:

Yes, ma'am.

BY THE COURT:

Has he answered all your questions to your satisfaction?

BY MR. GAINEY:

Yes, ma'am.

BY THE COURT:

Are you satisfied with his services?

BY MR. GAINEY:

Yes, ma'am.

BY THE COURT:

You're offering a guilty plea to a charge of armed robbery; is that correct?

BY MR. GAINEY:

Yes, ma'am.

BY THE COURT:

I will tell you that crime's defined in the statutes of the State of Louisiana Title 14, Section 64 which reads as follows: "Armed robbery is the taking of anything of value belonging to another, from the person of another, or that is in the immediate control of another, by use of force or intimidation while armed with a dangerous weapon."

Do you understand the elements of the offense?

BY MR. GAINEY:

Yes, ma'am.

9

BY THE COURT:

        The possible penalty is as follows: Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.

        So do you understand the possible penalty for the offense?

BY MR. GAINEY:

        Yes, ma'am.

                * * * * * * * *

BY THE COURT:

        Next we have Mr. Gainey.  Is anybody threatening you, coercing you, intimidating you or pressuring you in any way to get you to plead guilty here today?

BY MR. GAINEY:

        No, ma'am.

BY THE COURT:

        Has anybody offered or promised you anything in exchange for a guilty plea here today?

BY MR. GAINEY:

        No, ma'am.

BY THE COURT:

        Your lawyer asked me what sentence I would impose upon you if you admitted committing this offense and I told him that I would defer sentencing and that we will hold a

<u>sentencing   hearing   sometime   in   the   near
future</u>.

BY MR. DEARING:

The State is going to ask that it be set
for September 5th.

BY THE COURT:

<u>Okay,  we'll  set  a  sentencing  hearing  for
September  5th,  at  which  time  the  court  will
decide  what  your  sentence  will  be</u>.

<u>Is  that  what  your  lawyer  told  you  I  would
do</u>?

BY MR. GAINEY:

<u>Yes</u>,  <u>ma'am</u>.

BY THE COURT:

So do you understand if you continue to
offer a guilty plea and the court accepts your
guilty  plea,  that  is  exactly  what  your
sentence will be?

BY MR. GAINEY:

Yes, ma'am.

BY THE COURT:

Do you have any questions you want to ask
me about anything we've gone over here today?

BY MR. GAINEY:

No, ma'am.

BY THE COURT:

Did you understand it all?

BY MR. GAINEY:

      Yes, ma'am.

BY THE COURT:

      And do you understand that by pleading guilty you're giving up Constitutional rights which you do not have to give up?

BY MR. GAINEY:

      Yes, ma'am.

BY THE COURT:

      That is what you want to do?

BY MR. GAINEY:

      Yes, ma'am.

BY THE COURT:

      At this time I'm going to ask the District Attorney to give a factual basis for the guilty pleas?

BY MR. BAUER:

      Your Honor, on behalf of all defendants, we would stipulate to the discussions at pretrial and the facts listed in the police reports.

BY MR. DEARING:

      The State joins in those stipulations.

BY THE COURT:

      The court will accept the stipulations. At this time I[] find that each of the defendants competent to enter guilty pleas.

I further find that each of the defendants has an understanding of the charges against [them] and the consequences of those charges.

I further find that each of the defendants has made a free, intelligent and voluntary waiver of their rights to a trial and other associated Constitutional rights.

I further find that each of the defendants is entering guilty pleas here today freely, intelligently and voluntarily after consultation with a competent attorney.

I further find a factual basis for the guilty pleas and, accordingly, accept the same.

Counsel, will your clients waive any delays for sentencing?

BY MR. BAUER:

Yes, your Honor.

BY THE COURT:

Except, of course, Mr. Gainey.

(St. ct. rec., vol. 1 of 3, pp. 66-68, 83-86)(emphasis added).

On September 23, 2008, Gainey, in the presence of three witnesses, executed a pro se "motion to withdraw plea of guilty and enter a plea of not guilty" in which he made the following representations and admissions:

I.

In late July or early August the defendant entered

13

into a plea agreement with 22nd J.D.C. Assistant District Attorney Scott Gardner.  The stipulations to the plea agreement were as follows:

     1) If the defendant were to fully co-operate with the prosecution, and testify favorable to the prosecution, in the case against Dominic Robinson, or any and all other trials and/or hearings which the A.D.A. deemed necessary, the A.D.A. would;

     2) drop the original charge of First Degree Murder, LSA R.S. 14:30, on the defendant, and charge him guilty of Armed Robbery, LSA R.S. 14:64, and thereafter;

     3) at sentencing the A.D.A. would waive any comment, and make no objection to the defense, whereas, the judge could sentence the defendant to a minimum of 10 years and a maximum of 99 years in prison.

     4) [i]f the defendant failed to fully co-operate, and live up to his end of the bargain, the A.D.A. would;

     5) void the contract and/or plea agreement, and totally withdraw it, and pick up the original charge of [f]irst-degree [m]urder, LSA R.S. 14:30, and would also seek the death penalty against the defendant.

II.

On August 26, 2008 the defendant testified in the trial of Dominic Robinson, however, the defendant did not live up to his end of the bargain, and instead of testifying favorable to the prosecution, the defendant testified favorable to the defense.

III.

The A.D.A. stipulated that if the defendant did not testify favorable to the prosecution and fully co-operate with the prosecution, that the A.D.A. would void the plea agreement and totally withdraw it, and pick up the original charge of [f]irst [d]egree [m]urder LSA R.S. 14:30.  The defendant violated the terms of the plea agreement.  The plea agreement should therefore be

withdrawn and the court should enter into the record the defendant's plea of not guilty to the charge of [f]irst [d]egree [m]urder L.S.A. RS 14:30.

Wherefore, the defendant prays that this Honorable Court does forthwith withdraw the defendant's current plea of guilty to the charge of [a]rmed [r]obbery LSA R.S. 14:64, and enter into the record the defendant's plea of not guilty to the charge of [f]irst [d]egree [m]urder, LSA R.S. 14:30.

> (St. ct. rec., vol. 1 of 3, pp. 23-25)(emphasis in original).

Following a series of continuances, Gainey appeared before the trial court on August 4, 2009 and, through counsel, withdrew the above-quoted motion to withdraw his guilty plea. (St. ct. rec., vol. 1 of 3, p. 11). Minutes from March 25, 2010 also reflect the withdrawal of the motion to withdraw and the State's intention to move to set aside Gainey's guilty plea. (Id. at p. 14). The State subsequently filed a formal motion to that effect on April 9, 2010, setting forth the following reasons for its request:

> [t]he defendant breached his obligation to commit no further criminal conduct by escaping from the St. Tammany Parish Jail. The defendant breached his obligation to provide truthful testimony by committing perjury during his testimony in the trial of his co-defendant Dominic Robinson.

> (St. ct. rec., vol. 1 of 3, p. 39).

Following a hearing on the matter, the State withdrew its motion to set aside Gainey's guilty plea on May 7, 2010. (St. ct.

15

rec., vol. 1 of 3, pp. 15, 16).   Sentencing pursuant to the original guilty plea went forward on May 10, 2010 during which testimony was elicited from, <u>inter alia</u>, the husband and father-in-law of the victim who had been killed during the course of the armed robbery of which Gainey stands convicted. (<u>Id</u>. at pp. 17-18, 202-226).   Sentence was pronounced as follows:

BY THE COURT:

> Thank you.

> In the matter of State of Louisiana versus Jason Gainey, Docket No. 451449, Mr. Gainey, having appeared before this Court on July 22nd, 2008, and having tendered a plea to the Honorable Elaine W. DiMiceli, my predecessor in this matter, the Court has reviewed the transcript of that plea and concurs that it was a free and voluntary plea by Mr. Gainey to the charge of armed robbery.

> As noted in the transcript, the crime of armed robbery carries with it a punishment of imprisonment at hard labor for not less than ten years and for not more than ninety-nine years without benefit of probation, parole, or suspension of sentence.

> The Court, has, to date, considered the sentencing guidelines as set forth under Article 894.1, and pursuant to those guidelines, the Court must consider whether there is an undue risk of entering the period of any suspended-type sentence or probation defendant would commit another crime, or the defendant is indeed in need of correctional treatment or custodial environment that can be provided most effectively by his confinement to an institution. And under Subsection 3, a lesser sentence would deprecate the

seriousness of the defendant's crime.

The Court has had itself some involvement in this case, has heard testimony from investigating officers relative to how this crime took place. And given the severe nature of the type of crime that the ultimate outcome that came from the crime, which Mr. Gainey confessed to, the death of Ms. Jaume, the Court finds that a sentence of ninety-nine years without benefit of probation, parole, or suspension of sentence is appropriate and that any other sentence would deprecate the seriousness of this offense.

I advise the defendant he has credit for time served and that pursuant to Code of Criminal Procedure Article 930.8, he has two years from which the sentence becomes final to file [an] application for post-conviction relief.

(St. ct. rec., vol. 1 of 3, pp. 226-227).

Gainey alleges that his guilty plea was involuntary because the State breached the plea agreement by subsequently charging him with second degree murder. Petitioner's argument is disingenuous at best. First, although the "memorandum of understanding" between Gainey and the State was placed under seal (St. ct. rec., vol. 1 of 3, p. 3) and is not included within the state court record that has been provided to the Court, the terms of the agreement as cited by Gainey in his motion to withdraw guilty plea required the State to drop the original charge of first degree murder and to charge him with armed robbery. Nothing in the agreement as cited by the

petitioner himself specifically prohibited the State from charging him with second degree murder. Moreover, Gainey candidly admitted in his motion that it was he who violated the terms of the agreement by testifying favorably for the defense at the trial of his co-defendant. Finally, petitioner acknowledges in his petition that the second degree murder charge was ultimately <u>nolle</u> <u>prossed</u> by the State, leaving the parties in the same position that they were in at the time that the plea was entered. (Rec. doc. 1-1, p. 12).

The test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. <u>Boykin v. Alabama</u>, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711 (1969). A defendant who is aware of the maximum term of imprisonment he faces is aware of the consequences of his plea, thus rendering it voluntary and intelligent and valid for constitutional purposes. <u>Hobbs v. Blackburn</u>, 752 F.2d 1079, 1082 (5th Cir.), <u>cert</u>. <u>denied</u>, 474 U.S. 838, 106 S.Ct. 117 (1985). In open court, Gainey was clearly advised of the maximum sentence that could be imposed following a conviction for armed robbery to which he acknowledged his understanding. Under oath, he also acknowledged that no one had promised him anything in exchange for his plea and that his attorney had advised him that his sentence would be determined by

18

the trial court alone.  Such sworn and solemn declarations in open court carry a strong presumption of verity.  Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629 (1977); Moya v. Smith, 696 F.2d 329, 332 (5th Cir. 1983).  In order to prevail on a claim of an unkept plea bargain, a "... petitioner must prove '(1) exactly what the terms of the alleged promise were; (2) exactly when, where, and by whom such a promise was made; and (3) the precise identity of an eyewitness to the promise.'" Self v. Blackburn, 751 F.2d 789, 793 (5th Cir. 1985)(quoting Hayes v. Maggio, 699 F.2d 198, 203 (5th Cir. 1983)).  That formidable showing has not been made here.  The subsequent occurrence complained of by Gainey had no bearing on the validity of his guilty plea.

As for Gainey's claim that his plea was induced by a promise from counsel that he would receive a thirty-year sentence, he again fails to satisfy the demanding test set forth in Self, supra.  Nor do his present assertions overcome the strong presumption of verity accorded to his in-court statements that no one, including his attorney, had promised him anything in exchange for his plea and that counsel had advised him that his sentence would be determined by the trial court alone.  DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir.), cert. denied, 513 U.S. 968, 115 S.Ct. 436 (1994).  And, given the fact that Gainey faced the very real possibility of being tried for first degree murder, a crime that is punishable by death,

19

there is no reasonable probability that he would have rejected the plea agreement and gone to trial. Hill v. Lockhart, 474 U.S. 52, 57, 106 S.Ct. 366, 369 (1985). The voluntary nature of Gainey's plea also precludes any finding of prejudice needed to prevail on a claim of ineffective assistance of counsel. DeVille, 21 F.3d at 659. The state court's resolution of Gainey's plea-related claims was not so unreasonable so as to justify the granting of federal habeas corpus relief. 28 U.S.C. §2254(d); Williams v. Taylor, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 1523 (2000); Montoya v. Johnson, 226 F.3d 399, 403-04 (5th Cir. 2000), cert. denied, 532 U.S. 1067, 121 S.Ct. 2220 (2001).

## RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Jason Gainey be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass

20

<u>v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this __7th__ day of ___January_____, 201<u>4</u>.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE